UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

CASSANDRA M. LARSON,

                     Petitioner,                    Case No. 2:26-cv-52

v.                                           Honorable Jane M. Beckering

CHRISTOPHER S. NINOMIYA et al.,

                     Respondents.
_____/

## OPINION

This is a habeas corpus action under 28 U.S.C. § 2254 brought by an individual convicted on one count of possession of methamphetamine. The Court will grant Petitioner leave to proceed *in forma pauperis*.

This case is presently before the Court for preliminary review pursuant to 28 U.S.C. § 2253 and Rule 4 of the Rules Governing § 2254 Cases. The Court is required to conduct this initial review prior to service of the petition. Rule 4, Rules Governing § 2254 Cases.

The Court conducts a preliminary review of the petition under Rule 4 to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (discussing that a district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). After undertaking the review required by Rule 4,

the Court will dismiss the petition without prejudice for failure to exhaust available state court remedies.

## Discussion

### I.    Factual allegations

On November 11, 2025, Petitioner Cassandra M. Larson was found guilty by a Dickinson County Circuit Court jury on one count of possession of methamphetamine.[1] On December 15, 2025, Respondent Dickinson County Circuit Court Judge Christopher S. Ninomiya sentenced Petitioner to 12 months in the Dickinson County Jail and a 3-year term of probation.[2] *Id*. On March 5, 2026, the Court received the present petition challenging Petitioner's conviction and sentence as unconstitutional on multiple grounds.

### II.    Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a

---

[1] *See* https://micourt.courts.michigan.gov/case-search/ (accept terms of service, select "Dickinson County," enter Last Name "Larson" and First Name "Cassandra," select "Search," select Case ID "2025-0000006514-FH") (last visited June 25, 2026).

[2] The Offender Tracking Information System (OTIS) of the Michigan Department of Corrections (MDOC) indicates that Petitioner is presently on probation. *See* https://mdocweb.state.mi.us/otis2/Search (enter Last Name "Larson" and First Name "Cassandra," select "Search," select Offender Number "799604") (last visited June 25, 2026). A recent letter from Petitioner, however, was sent from the Dickinson County Jail. (June 16, 2026, Correspondence, ECF No. 5, PageID.25.) Whether Petitioner is in jail or out on probation, she is considered to be "in custody" for purposes of 28 U.S.C. § 2254. *Olivier v. City of Brandon, Miss.*, 146 S.Ct. 916, 921 n.2 (2026) ("[A] person on probation is generally 'in custody' for purposes of federal habeas corpus.") (internal quotation marks and citations omitted).

petitioner's constitutional claim. *Id.* at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275–77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138–39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner has not alleged that she raised her constitutional challenges in the Michigan Court of Appeals or the Michigan Supreme Court. The judicially noticeable and publicly available dockets of the Michigan appellate courts indicate that Petitioner has filed a notice of appeal in the Michigan Court of Appeals but has not yet filed her brief.[3]

An applicant has not exhausted available state remedies if she has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise her constitutional challenges in the state appellate courts. She may continue to pursue her appeal as of right in the Michigan Court of Appeals and, if necessary, the Michigan Supreme Court. *O'Sullivan*, 526 U.S. at 845; *Hafley*, 902 F.2d at 483 ("[P]etitioner cannot be deemed to have exhausted his state court remedies as required by 28

---

[3] *See* https://www.courts.michigan.gov/case-search/ (select "Cases," enter "Cassandra Larson," select "PEOPLE OF MI V CASSANDRA MARIE LARSON" under "COA #379867") (last visited June 25, 2026).

U.S.C. § 2254(b) and (c) as to any issue, unless he has presented that issue both to the Michigan Court of Appeals and to the Michigan Supreme Court." (citation omitted)). Until Petitioner completes her direct appeal, she has failed to exhaust her state court remedies and the Court is precluded from granting habeas relief. Accordingly, the Court will dismiss the petitioner without prejudice.[4]

### III.    Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

The Court concludes that Petitioner's application is properly denied for lack of exhaustion. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id*.

---

[4] Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner's judgment is not yet final, so there are no statute of limitations consequences to the dismissal of her petition.

The Court finds that reasonable jurists could not find it debatable whether Petitioner's application should be dismissed for lack of exhaustion. Therefore, a certificate of appealability will be denied. Moreover, for the same reason, the Court concludes that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## Conclusion

The Court will enter an Order and Judgment, granting Petitioner leave to proceed *in forma pauperis*, dismissing the petition for failure to exhaust state-court remedies, and denying a certificate of appealability.

Dated:        June 29, 2026                               /s/ Jane M. Beckering
                                                          Jane M. Beckering
                                                          United States District Judge

5